**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

vs.                                                                       **Case No. 20-mj-1518-AEP**

<u>**MUHAMMED MOMTAZ AL-AZHARI**</u> /

**<u>ORDER OF DETENTION PENDING TRIAL</u>**

Upon the government's motion for detention pursuant to 18 U.S.C. § 3142(f)(2), the court held a detention hearing and preliminary examination and concluded detention is warranted. There is probable cause to believe Defendant has committed the offense of attempting to provide material support or resources to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B which carries a maximum penalty of up to 20 years in prison upon conviction.

Due to the nature of the charge, there is a statutory presumption that no conditions of release, financial or otherwise, will reasonably insure Defendant's future appearance in court as required and the safety of the community. 18 U.S.C. § 3142(f)(1)(A); 18 U.S.C. § 3142(e)(3)(C). Defendant has not produced sufficient evidence to overcome the presumption against release. In addition to any findings made at the hearing, the reasons for detention are set forth in this order.

The lengthy Complaint amply demonstrates that Defendant, a 23-year old American citizen, has recently acquired weapons and other equipment (military style bullet-proof vest, laser pointer, GPS tracking device, camera drone, backpack with

charging cable, and face mask as well as car fuel trap solvent filters which can be used to make silencers) for the purpose of carrying out attacks on individuals in this community in support of the foreign terrorist organization known as the Islamic State of Iraq and al-Sham ("ISIS"). A week prior to the issuance of the Complaint, Defendant had significant interactions with an FBI confidential source ("CHS") which resulted in Defendant purchasing from the CHS a Glock pistol and silencer, and an extended and regular magazine for the pistol. During their conversations, Defendant expressed his hatred of the U.S., his support of ISIS, and his admiration for Omar Mateen who carried out the 2018 Pulse nightclub shootings in Orlando. Defendant tried to recruit CHS to become an ISIS spokesperson. He told CHS "I want to join ISIS" and "I am ISIS" on different occasions.

Law enforcement surveilled Defendant driving to various sites including the Pulse nightclub site in Orlando, the FBI office in Tampa, and Honeymoon Island in Pinellas County. According to the FBI Agent whose affidavit was filed in support of the Complaint, Defendant's visits to these sites, his acquisition of firearms and other conduct (Complaint at 28-49), and his statements to others are consistent with an extremist ideology which encourages carrying out "lone-wolf terrorist attacks against individuals in the United States." (Complaint at 51)

Further, Defendant was convicted and served a sentence in Saudi Arabia in 2015 for terrorism-related charges. Although he was born in California in 1997, the Pretrial Services Report shows that Defendant lived with his family in Syria, Dubai, and Saudi Arabia between 2001 and 2018. He has resided in Tampa only since

October 2019 when he relocated from California.

Moreover, Defendant was arrested in Tampa on May 1, 2020 on state charges of carrying a concealed weapon. His bond conditions prohibited him from possessing or acquiring firearms. A few weeks later, he purchased a pistol, silencer, and ammunition clips from CHS.

Due to the nature of the charge, the substantial evidence, Defendant's conduct and statements, his history and characteristics, and criminal record, the proffered bond conditions of home detention, supervision by a family member, and other conditions are inadequate to overcome the statutory presumption against release in this case and to reasonably deter the risk of flight and danger to the community if defendant is released. It is therefore,

**ORDERED:**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED in Tampa, Florida, on June 2, 2020

_____
ELIZABETH A. JENKINS
United States Magistrate Judge