UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                  Case No. 8:20-mj-1518-AEP

MUHAMMED MOMTAZ AL-AZHARI
_____/

### MOTION TO RECONSIDER PRELIMINARY HEARING FINDING AND CITATIONS OF AUTHORITY

**NOW COMES** Defendant, Muhammed Momtaz Al-Azhari, by and through undersigned counsel, and requests that this Court reconsider its preliminary-hearing finding of probable cause, and refusal to dismiss the complaint and discharge the defendant.

### MEMORANDUM OF LAW

At the preliminary hearing, the Court requested that counsel limit themselves to an organized list of useful authorities to the question of whether the Government's evidence is sufficient to show an attempted violation of 18 U.S.C. § 2339B, given the limitation in subsection (h) of that statute.  Giving respect to that request, the Defense provides the following list without further argument.

### *Supreme Court Authority*

- *Holder v. Humanitarian Law Project*, 561 U.S. 1, 23 (2010) ("As for 'personnel,' Congress enacted a limiting definition in IRTPA [the Intelligence Reform and Terrorism Prevention Act] that answers plaintiffs' vagueness concerns.  Providing material support that constitutes 'personnel' is defined as knowingly providing a person 'to work under that terrorist organization's direction and control or to organize, manage, supervise, or otherwise direct the operation of that organization.' § 2339B(h). The statute makes clear that 'personnel' does not cover *independent* advocacy:  'Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control.' *Ibid.*").

### *Analogous Persuasive Authority*

- *United States v. Abu-Jihaad*, 600 F.Supp.2d 362, 400-402 (D. Conn. 2009) (granting a motion for judgment of acquittal, in a case brought under § 2339A and before § 2339B(h) was enacted, where the Government presented no evidence of "coordination, joint action, or understanding" between the defendant and the organization, noting that "even the Government concedes that if the amended definition of § 2339B applies to § 2339A, the evidence is wanting.").

### *Distinguishable Eleventh Circuit Cases*

- *United States v. Augustin*, 661 F.3d 1105, 1119-22 (11th Cir. 2011) (affirming § 2339B convictions for the inchoate crime of conspiracy where defendants took an oath to Al Qaeda with an FBI informant posing as an Al Qaeda operative and discussed the planning of specific terrorist attacks, noting that the evidence is "far from overwhelming.").

- *United States v. Suarez*, 893 F.3d 1330, 1334-35 (11th Cir. 2018) (affirming conviction for attempting to provide material support under § 2339B where defendant "coordinated directly with individuals he believed to be members of ISIS in order to acquire a bomb . . . and he accepted the bomb while reiterating his plan to detonate it on a crowded beach.").

### *Distinguishable Out-of-Circuit Cases*

- *United States v. Mehanna*, 735 F.3d 32, 43-46 (1st Cir. 2013) (affirming conspiracy conviction where defendant traveled to Yemen to join an al Qaeda training camp as a recruit).

- *United States v. Wright*, 937 U.S. 8, 26-27 (1st Cir. 2019) (affirming conviction for conspiracy to provide material support where defendant received information about target of attack from high-ranking ISIS member, pledged allegiance with others to ISIS leader, and planned terrorist attack on particular targets).

- *United States v. Farhane*, 634 F.3d 127, 150 (2d Cir. 2011) (affirming conviction for attempt to provide material support in the form of personnel where defendant swore an oath with an undercover agent to formalize a promise to work as a doctor under the foreign terrorist organization's direction and control).

- *United States v. Kaizu*, 559 F.Appx. 32, 37 (2d Cir. 2014) ("Moreover, because the evidence showed that the object of Kaizu's attempt was to join with other al-Shabaab fighters in Somalia, his actions did not fall within the provision that insulates from criminal liability those who 'act entirely independently of the foreign terrorist organization to advance its goals or objectives.' [18 U.S.C.] § 2339B(h).").

- *United States v. Hendricks*, 950 F.3d 348, 353 (6th Cir. 2020) (affirming conviction where defendant communicated with and took direction from ISIS, viewed himself and his recruits as

members of ISIS, and acted in manner consistent with someone who was operating or seeking to operate on behalf of ISIS).

- *Hosseini v. Nielson*, 911 F.3d 355, 376 (6th Cir. 2018) ("[W]e note that the civil statute at issue in this case captures a broader range of activity than 18 U.S.C. § 2339B. That provision creates a carveout for independent political advocacy, even if that advocacy promotes the terrorist organization's legitimacy: '[i]ndividuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control." 18 U.S.C. § 2339B(h). Because there is no record evidence that Hosseini took orders from [the two terrorist organizations at issue]–and because Hosseini insists that he was not a member of either organization–his conduct might well have fallen within this carveout, had he been charged under § 2339B.").

- *United States v. Jones*, 383 F.Supp.3d 810, 816 (N.D. Ill. 2019) (denying motion to dismiss where defendants attempted to help a confidential human source travel overseas to join a foreign terrorist organization, explaining, "[T]he Government need only prove that the Defendants attempted to provide '1 or more individuals,' namely, the [confidential human source], 'to work under [ISIS's] direction and control.'") (first and second alterations added; second alteration in original).

### *Decisions on whether § 2339B(h) is an Affirmative Defense*

- *United States v. Pugh*, No. 15-CR-116 (NGG), 2015 WL 9450598, at *11 (E.D.N.Y. 2015) (concluding that § 2339B(h) is not an affirmative defense).

- *United States v. Shafi*, 252 F.Supp.3d 787, 792-93 (N.D. Cal. 2017) (agreeing with *Pugh*).

4

## *Legislative History*

- House Rep. 109-174(I), 109th Cong., 1st Sess. 2005, 2005 WL 1705108, at *34 ("To address the Ninth Circuit's concern [in *Humanitarian Law Project v. Mukasey*, 552 F.3d 916 (9th Cir. 2009), *rev'd*, *Humanitarian Law Project*, 561 U.S. 1] that the term 'personnel' is unconstitutionally vague and could be interpreted to cover those independently advocating on behalf of a foreign terrorist organization, the legislation provides that the term 'personnel' only refers to those either: (1) working under a terrorist organization's direction or control; or (2) managing or supervising the terrorist organization. This definition makes it clear that those independently advocating on behalf of a foreign terrorist organization's goals are not covered by the material support statute.").

- House Rep. No. 109-174(II), 109th Cong., 1st Sess. 2005, 2005 WL 1705109, at *7 ("This section repeals section 6603(g) of the IRTPA, which would have sunset section 6603 [18 U.S.C. 2339B(h)]. The sunset would allow a criminal offense, and not a law enforcement tool, to expire. Furthermore, this sunset effectively makes the underlying provision unconstitutional. Section 6603 of the IRTPA addressed the prohibition against providing material support to terrorists and amended the law to address court concerns on the constitutionality of the material support provision.").

- *Tools to Fight Terrorism Act of 2004: Hearings on S. 2769 Before the Senate Subcommittee on Terrorism, Technology and Homeland Security* (2004) (Statement of Daniel J. Bryant, Assistant Attorney General, Office of Legal Policy, U.S. Dep't of Justice), available at https://www.judiciary.senate.gov/imo/media/doc/Bryant%20Testimony%20050541.pdf (last visited Jun. 2, 2020) ("The Department has pointed out that the term 'personnel' has a discernible and specific meaning, one found in basic dictionary definitions of the word: it describes those working under the direction or control of a specific entity. Thus, as the Department has explained in its

5

United States' Attorney's Manual, the ban on providing 'personnel' to foreign terrorists or terrorist organizations contained in the material support statutes covers situations in which individuals have submitted themselves to the direction or control of a foreign terrorist organization.  Independent advocacy of a designated foreign terrorist organization's interests or agenda falls outside the scope of the statutes' coverage.  It is for this reason that, contrary to the concerns expressed by the Ninth Circuit, independent speech or advocacy by an individual in favor, or on behalf of, a foreign terrorist organization is not prohibited by the statutes.  Just as one independently extolling the virtues of McDonald's hamburgers is not supplying 'personnel' to the restaurant chain, neither is one independently advocating on behalf of a foreign terrorist organization supplying 'personnel' to that organization.  But when one works under the direction or control of the organization, one does provide 'personnel.'").

**WHEREFORE** the Defendant, Mr. Al-Azhari, prays this Court will reconsider its finding of probable cause, dismiss the complaint, and discharge him.

DATED this 3rd day of June 2020.

Respectfully submitted,

JAMES T. SKUTHAN
ACTING FEDERAL DEFENDER

*/s **Samuel E. Landes***
Samuel E. Landes
D.C. Bar No. 1552625
Assistant Federal Defender
400 North Tampa Street
Suite 2700

6

Tampa, Florida 33602<br>
Telephone: (813) 228-2715<br>
Facsimile: (813) 228-2562<br>
Email: Samuel_Landes@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd of June 2020, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

AUSA Patrick Scruggs.

/s <b><i>Samuel E. Landes</i></b><br>
Samuel E. Landes<br>
Assistant Federal Defender